WILHELMINA CONDE VDA. DE RODRÍGUEZ, demandante y apelante, *v.* THE NEW YORK DEPARTMENT STORE y MARYLAND CASUALTY COMPANY, demandadas y apeladas.

Núm. 10022. *Sometido:* Febrero 1, 1950. *Resuelto:* Marzo 31, 1950.

*Romany & Romany,* abogados de la apelante; *F. Prieto Azúar,* abogado de las apeladas.

*PER CURIAM:* La demandante radicó una demanda de daños y perjuicios contra las demandadas. Después de un juicio en los méritos, la corte de distrito llegó a las siguientes conclusiones de hecho:

"Que el día 24 de abril de 1947, entre las 4:00 y 5:00 de la tarde, la demandante, atraída por el anuncio de una venta especial, entró al establecimiento comercial de la demandada 'The New York Department Store, Inc.,' sita en las Calles Fortaleza y San José de esta ciudad, a comprar algunos artículos. Había a la sazón en el establecimiento un número relativamente grande de parroquianos, pero no una aglomeración de gente. A pesar de ello, los parroquianos podían transitar con libertad por el piso en que se hallaba la demandante; que la demandante se acercó a una vidriera en que había expuestos unos abanicos, observándolos. Junto a ella había algunos otros parroquianos, en su mayoría mujeres. La demandante se hallaba a la sazón en el lugar más próximo a la escalera, habiendo entre ella y la entrada a dicha escalera alrededor de un pie o pie y medio. La escalera, desde donde ella estaba situada, era plenamente visible por las luces que la iluminaban. La demandante continuó moviéndose hacia su lado izquierdo sin mirar donde ponía el pie, poniéndolo finalmente en el vacío y cayendo algunos tramos hacia el primer descanso de la escalera; que la vidriera que conte-

nía los abanicos no obstruía en forma o manera alguna el libre acceso a la escalera que conduce al sótano, ni obstaculizaba tampoco el pasillo; que dicha escalera tenía un letrero vertical que decía 'Sótano', colocado el mismo a la entrada de dicho medio de comunicación en tal forma que era visible desde considerable distancia dentro del piso; que la escalera tiene pasamanos fácilmente asequibles desde el momento en que cualquiera intente valerse de los mismos para descender al sótano; que la vidriera que contenía los abanicos, ni ninguna vitrina en el piso de la ocurrencia, ni objeto o cosa alguna se hallaban expuestos en forma fuera de lo ordinario, es decir, se hallaban exhibidos en la forma corriente en que suelen mantenerlos al público establecimientos comerciales similares, y nada había en las vitrinas o en el piso en cuestión que atrajese la vista o la atención de los parroquianos más allá de lo ordinario o razonable; que la exhibición de la mercancía en las vitrinas ni las vitrinas o cosa alguna podían en manera alguna inducir a los parroquianos a confusión, siendo cada cosa, por su contextura e iluminación, fácilmente discernible; que no había en el piso, ni en la escalera, ni en los pasillos, materia extraña o resbaladiza.

"Que la demandante al poner el pie en el vacío y caer en el primer descanso de la escalera sufrió una fractura conminuta en el cuello del humerus (sic); que fué llevada al hospital el 25 de abril de 1947 donde quedó recluída hasta el 3 de mayo del mismo año; que continuó posteriormente las curas hasta el 9 de junio en que siguió tratamiento de fisioterapia bajo la dirección del Dr. Pila en Ponce; que la fractura ha quedado completamente consolidada según lo demuestran los callos o huesos nuevos que la circundan pudiendo hacer todos los movimientos normales del brazo."

Basada en estos hechos y luego de citar varios casos en sus conclusiones de derecho, la corte de distrito dictó sentencia a favor de los demandados.

■■ En apelación la demandante señala los siguientes errores:

"1. La corte de distrito cometió error en este caso al sostener que la New York Department Store no fué negligente cuando la prueba demostró que mantenía dentro de su establecimiento una escalera cuya entrada estaba sin protección alguna y la mantenía completamente rodeada de escaparates, vitrinas y mercancías que la ocultaban de los parroquianos y además mantenía

completamente pegada a la entrada de la escalera una vitrina sobre la cual tenía abanicos en exhibición para la venta.

"2. La corte inferior cometió error al sostener que la demandante fuera negligente por el solo hecho de que ella continuara moviéndose hacia su lado izquierdo *sin 'mirar donde ponía el pie, poniéndolo finalmente en el vacío.'*

"3. La corte inferior cometió error al no dictar una sentencia declarando con lugar la demanda y condenando a los demandados a pagar a la demandante los daños y perjuicios sufridos por ella."

En tanto en cuanto estos errores atacan la apreciación que de la evidencia hizo la corte inferior, no encontramos que ésta cometiera manifiesto error. Aceptando los hechos como los encontró probados la corte inferior, ninguno de los numerosos casos citados por la apelante en su alegato es aplicable. Bajo estas circunstancias, creemos que la corte de distrito actuó correctamente al dictar sentencia a favor de las demandadas.

*La sentencia de la corte de distrito será confirmada.*

Los Jueces Presidente Sr. de Jesús y Asociado Sr. Todd, Jr., disienten por entender que incurre en negligencia el dueño de un establecimiento comercial que coloca una vidriera donde se exhiben artículos para la venta, a una distancia de pie o pie y medio de una escalera no preparada en tal forma que impida caer por la misma al parroquiano que examina la mercancía. Sostienen dichos jueces que tales establecimientos deben ser sitios que ofrezcan razonable seguridad a las personas que a ellos concurren.